# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JUAN C. SANCHEZ, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )     **Civil Action No.** |
| | )     **21-10021-FDS** |
| CAROL MICI, et al., | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## <u>ORDER</u>

**SAYLOR, J.**

On January 6, 2020, Juan C. Sanchez, who is confined at the Old Colony Correctional Center ("OCCC"), filed a *pro se* complaint under 42 U.S.C. § 1983, claiming that certain unnamed officers at OCCC violated his constitutional rights when they conducted a strip search of him on January 23, 2020.  The defendant officers were allegedly acting under the direction of Massachusetts Commissioner of Correction Carol Mici and OCCC Superintendent Steven Kenneway.  Sanchez also filed a motion for leave to proceed *in forma pauperis* and a motion for the appointment of counsel.

Upon review of the complaint and motions, the Court hereby orders, as follows:

1.       The motion for leave to proceed *in forma pauperis* is GRANTED.  No initial partial filing fee is assessed.  The entire $350 shall be collected in accordance with 28 U.S.C. § 1915(b)(2).  The clerk shall send a copy of this order to the treasurer of the institution having custody of plaintiff.

2.      The clerk shall issue summonses as to defendants Mici and Kenneway.  The plaintiff shall serve the summons, complaint, and this order upon these defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure.

3.      At this time, summonses for the John and Jane Doe defendants will not issue. Although the use of fictitious names to identify defendants is not favored, situations may arise where the identity of an alleged defendant cannot be known prior to the filing of a complaint. *See Martínez-Rivera v. Ramos*, 498 F.3d 3, 8 (1st Cir. 2007).  If, through discovery, the plaintiff discovers the true names of the John and Jane Doe defendants, he "should act promptly to amend the complaint to substitute the correct parties and to dismiss any baseless claims." *Id.* at 8 n.5.

4.      Because the plaintiff is proceeding *in forma pauperis*, he may elect to have the United States Marshals Service ("USMS") complete service with all costs of service to be advanced by the United States.  *See* 28 U.S.C. § 1915(d).  If requested by plaintiff, the USMS shall serve the summonses, complaint, and this order as directed by plaintiff.  The plaintiff is responsible for providing the USMS all copies for service and for completing a USM-285 form for each party to be served.  *See Laurence v. Wall*, 551 F.3d 92, 94 (1st Cir. 2008).  The clerk shall provide the plaintiff with forms and instructions for service by the USMS.

5.      The plaintiff shall have 90 days from the date of the issuance of the summonses to complete service.  Failure to comply with this deadline may result in dismissal of the case without prior notice to the plaintiff.  *See* Fed. R. Civ. P. 4(m); L.R. 4.1 (D. Mass.).

Service is completed when a defendant receives the summons and complaint in accordance with Fed. R. Civ. P. 4, not when the USMS (or other person effecting service) receives the papers to be served on a defendant.  The plaintiff must provide papers for service to the USMS (or other person effecting service) well before the 90-day service deadline to ensure

that service will be completed in a timely matter.  If the plaintiff needs additional time to complete service, he shall file a motion for an extension of time to complete service in which he "shows good cause" for such relief.  Fed. R. Civ. P. 4(m).[1]

6.     All damages claims against defendants in their official capacity are dismissed. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 n.24 (1997) ("State officers in their official capacities, like States themselves, are not amenable to suit for damages under § 1983. . . . State officers are subject to § 1983 liability for damages in their personal capacities, however, even when the conduct in question relates to their official duties." (citation omitted)).

7.     The motion for appointment of counsel is denied without prejudice to renewal after defendants Mici and Kenneway have been served with and responded to the complaint.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court

Dated:  February 1, 2021

---

[1] "Good cause" for failure to complete service in a timely fashion may include, but is not limited to, circumstances where, *through no fault of the plaintiff*, the USMS has not effectuated service prior to 90-day deadline.  *See Laurence*, 551 F.3d at 94.